Balcom, J.
The complaint shows that the assured had received $17,587.98 of the defendants, which satisfied their claim if they were only entitled to recover for a partial loss of the goods; but that $2,198.86 was still due them from the *470 defendants, with interest from July 11, 1856, provided they were entitled to recover for a constructive total loss of the goods. It is alleged in the complaint that the bark M. L. Frank was laden with sugar; that she encountered stormy and tempestuous weather, causing her to labor badly and to make a good deal of water, so that she had large quantities of sea water in her hold, and was compelled to put into the port of Savannah. That the sugar, by reason of the sea water in the hold of the vessel and the perils and dangers of the seas, was damaged to the amount of more than seventy-two per cent of the value thereof. That the assured received intelligence of the damage to the sugar oh the 5th day of April, 1856; and thereupon, on that day, served a notice on the defendants dated that day, and addressed to their president in these words, viz.:
“Dear Sir: Understanding that the bark M. L. Frank, on her voyage from Matanzas to New York, has been compelled to seek the port of Savannah, in distress, where she arrived, we hear, with'several feet of water in her hold, the cargo was landed and found very seriously damaged; we, therefore, hereby abandon to you two hundred and eighty hogsheads sugar, valued at $85 per hhd. insured by you under our open policy, No. 29,179 for $28,800, and shall claim for a total loss.
(Signed) “ Alex. McCohochie & Co.” ■
The reason assigned by the defendants in. their demurrer, for insisting that the complaint does not state facts sufficient to constitute a cause of action, is, that there is no averment therein of an actual total loss of the sugar, or of an abandonment sufficient to warrant the assured in claiming as for a constructive total loss; whilé it shows that the defendants have paid the assured all that was due them by reason of any partial loss upon the sugar.
It is conceded that if the notice served on the defendants was sufficient, the plaintiffs were entitled to recover for a constructive total loss of the sugar.
Phillips correctly says: “ It is a general rule in the United *471 States that if the ship or goods insured are damaged to more than half of the value, by any peril insured against, or more than half of the freight is lost, the assured may abandon and recover for a total loss.” (2 Phillips on Ins., 4th ed., p. 274, § 1535.)
A valid abandonment cannot be made unless there be a sufficient cause for it; that is to say, the ship or goods must have been actually damaged to more than half the value; and the notice of abandonment to the insurance company or underwriters, must state the true cause thereof. They must be informed of the grounds of the abandonment, so they may determine whether to accept. (2 Phillips on Ins., 4th ed., p. 388, § 1684.) Livingston, J., in Suydam v. The Marine Insurance Company (1 Johns., 190), remarked, “ It will hardly be said that to constitute a valid abandonment, it is necessary to state the true cause. Though no form be prescribed for this act, yet care should be taken that it be unconditional, explicit, and on sufficient ground; and, particularly, that the accident occasioning it be described with certainty so as to enable an underwriter to determine whether he is bound to accept.” (Dickey v. The N. Y. Ins. Co., 4 Cow., 244.) Washington, J., in King v. The Delaware Insurance Company (2 Wash. C. C., 309), held that it is incumbent on the insured to state to the underwriter a, sufficient reason for the offer to abandon, so that the latter will have an opportunity of judging'whether he is bound to accept the offer or not. In Hazard v. The N. E. Marine Insurance Company (1 Sumner, 221), Story, J., said: “Nor do I well see, how an abandonment can be made without stating a case justifying the act.”
In Bosley v. The Chesapeake Insurance Company (3 Grill & Johns., 450), the notice to the Insurance Company was as follows:
“ I observe by the Boston newspaper of the 29th of January, that ship General Smith, insured in your office per policy No. 7661, was driven ashore in a heavy gale of wind the 6th of December, and by a Charleston paper of the 26th of January, that on the 13th she was not got off. In so dangerous a *472 situation as Helvoet roads, it is to be feared that a total loss has ensued. I, therefore, as a measure of precaution, for both your interest and my own, do hereby abandon to you, and claim a total loss.
(Signed) “ James Bosley.”
And the Court of Appeals of Maryland held that the notice did not state a sufficient reason for the offer to abandon. There is no conflict between this decision and that in Macy v. The Whaling Insurance Company (9 Metc., 354;) for the notice in the latter case was this:
“ Having received such information as leaves no doubt of the loss of our ship Orbit, on the 7th day of 6th month, 1842, on the coast of Peru, we hereby tender to said company our abandonment of the interest in the cargo of said ship so far as it has been insured to us by a policy issued by said company as Mo. 574, and claim as for a total loss.”
And the court held that the loss of the cargo might well have been inferred from the loss of the ship; and the court might have said the notice was tantamount to saying “ our ship was lost on the 7th day of June, 1842, and the cargo with it” The case of Peirce v. The Ocean Insurance Company (18 Pick., 83), decides nothing adverse to the cases above cited; and I have not seen any that conflicts with the principle held in them.
The rule to be deduced from the above mentioned authorities, is that the notice of abandonment to enable the assured to recover for a total loss where it is less, must truly state, not only the grounds-for the abandonment, but with such particularity as to enable the underwriter to determine whether he is bound to accept the offer or not; and if it does not further state in terms, that the ship or goods insured are damaged to more than half the value, its language must be such as to render the inference therefrom clear, that the damages exceed half the value of the ship or cargo. In other words, the grounds of abandonment set forth in the notice, must be such, admitting them to be true, that the right of the assured to' *473 recover for a total loss, is a necessary consequence. If the notice comes short of this, it is insufficient.
Applying this rule to this case it seems to me the notice of abandonment was insufficient. The facts that the ship had been compelled to seek the port of Savannah in distress, where, as the assured had heard, she arrived with several feet of water in her hold, and the cargo was landed and found very seriously damaged, do not show whether the damage to the eighty hogsheads of sugar which composed her cargo, was more than half the value; nor is the inference from those facts clear, or even highly probable, that the sugar was damaged to that extent. Indeed the notice does not show, except inferentially, that the sugar was wet at all. The statement of a witness that the sugar was “ very seriously damaged,” would hardly justify a jury in finding the damage exceeded half its value.
If these views are correct, the complaint does not state facts sufficient to constitute a cause of action, for a total loss of the sugar in question; and as it is not claimed that any other cause of action is set out in- the complaint, the demurrer thereto was well taken.
It follows that the judgment of the general term * of the Superior Court should be reversed, and the order of the special term of that court affirmed, with costs.
Davies, Selden, Harvest and Rosekrans, Js., concurred.